[794 NYS2d 675]

In the Matter of MATTHEW JOEL NEUREN, an Attorney, Resignor.

Second Department, May 9, 2005

**APPEARANCES OF COUNSEL**

*Richard Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Matthew Joel Neuren has submitted an affidavit dated January 31, 2005, wherein he tenders his resignation as an attorney

and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Neuren was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 9, 1983.

Mr. Neuren avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Neuren is aware that he is the subject of an ongoing investigation by the Grievance Committee on the basis of a complaint by Susan Taub alleging that he engaged in fiduciary misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3), in the course of handling various financial affairs for her mother, Ethel Zucker. Mr. Neuren further concedes that he is the subject of another investigation based on a complaint by Douglas Loranger alleging that Mr. Neuren paid for plumbing services at his home with a check drawn on Mr. Neuren's escrow account. He acknowledges that the Grievance Committee's investigation has revealed several instances where he passed bad checks drawn on his personal checking account in New Jersey, one of which resulted in a conviction upon his plea of guilty to passing a dishonored check under the amount of $200.

Mr. Neuren acknowledges that he would be unable to successfully defend himself on the merits against any disciplinary charges predicated upon the foregoing.

Mr. Neuren is aware that the Court, in an order permitting him to resign, could require him to make monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection. Mr. Neuren acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f), to be heard in opposition thereto.

The Grievance Committee joins in Mr. Neuren's request that his application be accepted by the Court in the interests of preserving time and court resources.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately, Matthew Joel Neuren is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, COZIER and FISHER, JJ., concur.

Ordered that the resignation of Matthew Joel Neuren is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew Joel Neuren is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Matthew Joel Neuren shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Matthew Joel Neuren is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Matthew Joel Neuren has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Mr. Neuren shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).